UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Platinum Properties Investor Network, Inc. et al.<br><br>    Plaintiffs,<br><br>v.<br><br>John Does 1-2,<br><br>    Defendants. | Civil Action No. 0:18-CV-61907-DPG |

**EMERGENCY MOTION TO STAY DISCOVERY AND SET BRIEFING SCHEDULE**

Movant John Doe[1] respectfully submits this motion to rescind or stay the expedited discovery allowed by this Court (Doc. 7) and set a briefing schedule for the parties to address John Doe's First Amendment right to anonymous internet commentary.[2] Following a ruling on Doe's First Amendment rights, expedited discovery can resume in a manner consistent with that ruling, if appropriate.

Doe seeks emergency consideration of this motion. On October 4, 2018, counsel for Doe had a telephonic meet and confer with counsel for Plaintiffs. Doe stated its intention to seek a ruling from this Court regarding the First Amendment issues. Counsel for Plaintiffs seemed generally agreeable to that approach, but requested a draft of the motion and time to consider the proposal. In good faith, Doe provided a draft of the motion immediately after the call. Despite the apparent tentative agreement, however, Plaintiffs' counsel indicated that she issued a second

---

[1] For purposes of this motion, John Doe assumes an anonymous male identity.

[2] Doe is appearing for the limited purpose of contesting the scope of discovery in this action in view of his First Amendment right to anonymity. Doe is not filing a responsive pleading or a motion pursuant to Rule 12, and therefore reserves the right to assert all such defenses in the future. *See* Fed. R. Civ. P. 12(h).

subpoena to Bluehost today (October 5, 2018). Given the seven-day period for Bluehost to comply with the subpoena pursuant to this Court's Order allowing expedited discovery (Doc. 7), and Doe's interest in his First Amendment right to anonymity, consideration of this motion on an emergency basis is appropriate and a stay is warranted while the Court resolves the First Amendment challenge.

### I.       Background

On September 5, 2018, "Platinum Properties Investor Network, Inc., et al." ("Plaintiffs") issued a subpoena to Bluehost in the case *Platinum Properties Investor Network, Inc. et al. v. John Does 1-2*, Civil Action No. 9:18-CV-81090 (S.D. Fla.), which was administratively closed.

On September 19, 2018, Doe received notice from Bluehost that it had received a subpoena and that compliance was required by September 25, 2018. Doe was provided with a copy of the subpoena.  *See* Exhibit A.  The subpoena referenced an "attached Order," but no copy of the "attached Order" was provided to Doe. Doe immediately engaged counsel to evaluate and determine Doe's legal rights in view of Plaintiffs' attempt to force Bluehost to disclose Doe's identity. Because the underlying action was administratively closed and not publicly accessible, counsel for Doe was unable to retrieve the "attached Order."

The subpoena sought only one category of documents, namely, "All documents and things that identify or tend to identify the registrant or owner of the following domain names…." Exhibit A.  Doe is the registrant or owner of some or all of the listed domain names.

Counsel for Doe immediately contacted counsel for Plaintiffs on September 22, 2018 and noted that there were procedural deficiencies in the subpoena.  One of the procedural deficiencies with the subpoena was that it was directed to a business in Tempe, Arizona, but required compliance in Orlando, Florida, over 2,000 miles away from either location.

On September 24, 2018, Doe moved to quash the subpoena on multiple procedural grounds (unreasonable time for compliance, improper place of compliance, and improper issuance from an administratively closed case), as well as on substantive grounds (violation of Doe's First Amendment right to anonymity). Because of the improper place of compliance, Doe was required to move to quash the subpoena in the Middle District of Florida. *See* Fed. R. Civ. P. 45(d)(3)(A). Given the short time for production and counsel for Doe's inability to reach counsel for Plaintiffs by telephone, Doe also moved for a temporary restraining order (TRO) against the production of documents.

On September 25, 2018, Doe successfully obtained a TRO from Judge Mendoza in the Middle District of Florida, preventing Bluehost from producing documents responsive to the subpoena served by Plaintiffs for 14 days or until further order of the Court. Exhibit B. Rather than opposing the substance of Doe's motion to quash the subpoena, after entry of the TRO, Plaintiffs immediately withdrew the subpoena and requested that the TRO be dissolved and the motion to quash be denied as moot. However, Plaintiffs asserted an intent to correct the procedural deficiencies and serve a second subpoena on Bluehost with compliance in Arizona, requesting the same substantive documents and things. Since the Middle District of Florida court that issued the TRO would not have jurisdiction over the newly served subpoena, rather than moving to quash that subpoena before yet another district court in Arizona, Doe asks this Court to rescind or stay the prior grant of expedited discovery and take up the merits of Doe's First Amendment claim itself.

Counsel for Doe requested a meet and confer with counsel for Plaintiffs to discuss this motion. The parties held a meet and confer on October 4, 2018. Plaintiffs seemed generally amenable to resolving the First Amendment issues before this Court, but stated that a draft of the

3

motion would assist in evaluating the specific requests therein.  Doe sent an email summarizing the discussion and providing a draft of the motion immediately thereafter.  Exhibit C.  Instead of providing a position regarding the motion, Plaintiffs' counsel indicated today (October 5), that she issued a second subpoena, without waiting for Judge Mendoza's TRO to expire.  Exhibit D.

## II. The Court has Jurisdiction to Address Doe's First Amendment Concerns.

It is procedurally proper for this Court to address Doe's First Amendment claims in the context of opposing expedited discovery.  The "district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 201 F.R.D. 431, 434 (M.D.N.C. 2001). "General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued." *Best Western Int'l v. Doe*, No. CV-06-1537-PHX-DGC, 2006 U.S. Dist. LEXIS 56014, at *5 (D. Ariz. July 25, 2006).  Additionally, the "First Amendment implications of [plaintiff's] proposed discovery constitutes a significant issue in this case." *Id.* at *6. "It makes little sense to leave such a central issue to district-by-district determination" because "this issue extends well beyond the matter of a specific subpoena." *Id.* (alteration omitted); *see also Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 U.S. Dist. LEXIS 2298, at *8-9 (D. Nev. Jan. 10, 2007) ("The court, therefore, concludes that it can and should address the issues raised by Vision's request for a protective order, as these issues extend well beyond the matter of a specific subpoena.").

Doe should not be forced to file another motion to quash in Tempe, Arizona, whose only connection to the underlying case would be the place of compliance with the subpoena, in order to have his First Amendment challenge heard and decided on the merits.  Rather, this Court is encouraged to exercise its proper jurisdiction to control discovery in this action, and should take up the issue of whether Plaintiffs' need for discovery overcomes Doe's First Amendment right to

4

anonymity. During the October 4 meet and confer, Plaintiffs' counsel acknowledged that it would be more appropriate for this Court to resolve the substantive First Amendment issue than an Arizona court having no connection to the underlying case.

### III. The Court Should Set a Briefing Schedule to Establish Whether Plaintiffs Have Viable Claims Sufficient to Overcome Doe's First Amendment Interests.

To uncover the identities of anonymous defendants, courts have required a substantial showing—commonly one sufficient to defeat summary judgment—before allowing such defendants' identities to be disclosed. In *Best Western,* for example, the district court held "that a summary judgment standard should be satisfied before [plaintiff] can discover the identities of the John Doe Defendants" because the acts at issue—anonymous internet postings by the defendants—were "purely expressive" and thus "entitled to substantial First Amendment protection." *Best Western,* 2006 WL 2091695, at \*4. Similarly, in *In re Does 1-10*, 242 S.W.3d 805 (Tex. App. 2007), the Texas Court of Appeals, after reviewing the question at length, imposed a summary judgment standard on the ground that, *inter alia,* a meaningful examination of evidence is necessary before a court can conclude "that a defendant's constitutional rights must surrender to a plaintiff's discovery needs." *Id.* at 822 (quoting *Best Western,* 2006 WL 2091695, at \*5). The Delaware Supreme Court has also required a would-be plaintiff make a showing sufficient to survive summary judgment in order to obtain the identity of an anonymous defendant, observing that such a requirement would protect the defendant's rights without imposing a significant burden on the plaintiff. *John Doe No. 1 v. Cahill*, 884 A.2d 451, 462-64 (Del. 2005). Such a heightened burden is necessary because "the First Amendment requires us to be vigilant in making these judgments, to guard against undue hindrances to political conversations and the exchange of ideas." *2TheMart.com,* 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001) (alteration omitted) (quoting *Buckley v. American Constitutional Law Found.,* 525 U.S. 182, 192 (1999)).

Doe runs a website that does nothing more than compile public court records and provide critical commentary. Doe does not offer any goods or services on its website, does not engage in any sort of commerce, does not have any advertisements or promotions of any goods or services, and does not link to any website that offers goods or services. *See* www.thebrokeguru.com. Ironically, Plaintiffs appear to admit that the website in question does not engage in commercial speech. *See* Complaint, ¶ 110 ("Upon information and belief, Defendants have never made any use of the name "Jason Hartman" in connection with the offering or sale of any *bona fide* good or service."). Accordingly, none of Plaintiffs' Lanham Act claims, which all require commercial activity, appear to be actionable. Plaintiffs' cybersquatting claim appears to be similarly meritless, because Doe is engaging in critical speech and declined Plaintiffs' monetary offer to purchase the site. *See, e.g.*, *Lamparello v. Falwell*, 420 F.3d 309, 318-19 (4th Cir. 2005) ("The [ACPA] was not intended to prevent noncommercial uses of a mark, such as for comment, criticism, parody, news reporting, etc., and thus they are beyond the scope of the ACPA." (alterations in original omitted)). Plaintiffs' state law claims appear to be similarly without merit.

As a result, Plaintiffs' Complaint does not appear to be intended to redress any wrongdoing, but rather to identify an anonymous critic that is compiling and posting publicly available records. The *Cahill* court noted its concern that plaintiffs often resort to litigation for the unstated purpose of identifying their critics, decrying the "sue first, ask questions later" approach to filing civil complaints. *Cahill,* 884 A.2d at 457. It is therefore of critical importance that this Court address Doe's First Amendment right to engage in anonymous criticism before allowing Plaintiffs to obtain discovery that would reveal Doe's identity.

However, Plaintiffs have alleged ten different counts, many of which are supported by nothing more than a formulaic recitation of the cause of action (*see, e.g.,* Count IV, ¶ 115 ("By the

6

acts aforesaid, Defendants have engaged, and are engaged, in federal unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), causing irreparable injury to Plaintiff and the public.")). Despite the lack of merit, due to the sheer number of counts, and the lack of factual support tied to the individual counts, Doe needs time to review and address each element of each count in view of the allegations throughout the Complaint.

Accordingly, rather than forcing Doe to present his merits-based arguments via a motion to quash in the District of Arizona, whose only connection to the underlying action is the situs for document production under a subpoena, Doe requests that the Court rescind or stay the order allowing for expedited discovery and set a briefing schedule to address the merits of the Complaint in view of Doe's First Amendment rights. Doe requests that he be permitted to file an opening brief 21 days after an order from the Court rescinding or staying the expedited discovery and setting a briefing schedule.

### IV. Conclusion

In view of the important First Amendment issues at stake, Doe respectfully requests that the Court rescind or stay the current Order allowing for expedited discovery (Doc. 7), and set a briefing schedule to address the merits of Plaintiffs' allegations and Doe's First Amendment rights. Doe requests that he be allowed 21 days from entry of an order to file his opening brief. Addressing Doe's First Amendment concerns before this Court will be substantially more cost effective and judicially efficient than forcing Doe to address this issue via a motion to quash including substantive arguments addressed to another district court having no connection to the underlying action.

### Local Rule 7.1(a)(3) Certification

Undersigned counsel certifies that he conferred with Plaintiffs' counsel by telephone on October 4, 2018, in a good faith effort to resolve the issues raised in this Motion. During that

conference, Plaintiffs seemed amenable to the relief requested herein, expressing reservation only to the proposed 21-day period Doe requested to file his opening brief and a corresponding stay in discovery. However, after requesting and being provided with a draft of the motion, Plaintiffs instead reserved a subpoena on Bluehost. Plaintiffs, presumably, therefore oppose the requested relief.

Dated this 5th day of October, 2018.

*s/ Christina Bredahl Gierke*
CHRISTINA BREDAHL GIERKE
Florida Bar No.: 55462
JEFFREY M. PARTLOW
Florida Bar No.: 110627
Emails:  christina.gierke@csklegal.com
        jeffrey.partlow@csklegal.com
        jeanna.bond@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0025
Facsimile (321) 972-0099
*Counsel for John Doe*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October, 2018, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send an electronic notice to all authorized CM/ECF filers, including those listed below:

*s/ Christina Bredahl Gierke*
Christina Bredahl Gierke, Esq.

Ava K. Doppelt
Florida Bar No.: 393738
adoppelt@allendyer.com
ALLEN, DYER, DOPPELT &
GILCHRIST,P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
Attorney for Plaintiffs