UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61907-CIV-GAYLES/SELTZER

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

    Plaintiffs,

v.

CHARLES SELLS; STEPHANIE
PUTICH; YOUNG CHUNG; THE PIPGROUP,
LLC; AND JOHN DOES 1-10.

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion to Disqualify Counsel Cole, Scott & Kissane, P.A. and Rountree, Leitman & Klein, LLC ("Motion") filed by Jason Hartman, Platinum Properties Investor Network, Inc., and The Hartman Media Company, LLC. (DE 31). This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. (DE 41). The undersigned has carefully reviewed the file, and is otherwise fully advised in the matter. For the reasons stated below, the Motion (DE 31) is DENIED.

Plaintiffs sued Defendants for trademark infringement and numerous related state claims based on allegations that Defendants initiated an internet and email campaign to tarnish Hartman's image and steal his clients. Plaintiffs subsequently moved to disqualify Defendants' attorneys. Plaintiffs argue that the joint representation of Defendants by the

same attorneys poses an unacceptable and unwaivable conflict of interest that violates the governing rules of professional conduct. The matter is now ripe for review.

"The disqualification of counsel is an extraordinary measure that acts immediately to the detriment of the client by separating the client from chosen counsel." Gen. Cigar Holdings, Inc. v. Altadis, S.A., 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001); see also Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 941 n.4 (11th Cir. 1982) (stating that disqualification of counsel is a harsh remedy and should be employed sparingly). Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if "compelling reasons" exist. In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). Disqualification may be appropriate where there is an "imminent threat of a serious conflict." Santillana v. Fla. State Court Sys., 2010 WL 4567827, at *1 (M.D. Fla. Nov. 3, 2010). The moving party carries the burden to establish the basis for disqualification. In re BellSouth Corp., 334 F.3d at 961.

The Florida Rules of Professional Conduct govern the professional conduct of attorneys practicing before the United States District Court for the Southern District of Florida. Ganobsek v. Performing Arts Cen. Auth., 2000 WL 390106, at *2 n. 3 (S.D. Fla. Mar. 24, 2000). The relevant rule here, Fla. Bar R. 4-1.7(a), provides that a lawyer must not represent a client if "(1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client . . . ." Id.

> Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

Fla. Bar R. of Prof'l Conduct 4-1.7(b). Informed consent typically requires an attorney to "communicate adequate information and explanation of material risks and reasonable alternatives to the proposed course of conduct . . ." State Farm Mut. Auto. Ins. Co. v. Kugler, 2012 WL 12868734, at *3 (S.D. Fla. July 2, 2012), report and recommendation adopted, 2012 WL 12868735 (S.D. Fla. July 19, 2012) (citing Fla. Bar R. of Prof'l Conduct, Ch. 4, Preamble).

Some fundamental conflicts of interest, however, cannot be waived. "Examples of unwaivable conflicts . . . include situations when there is substantial discrepancy in the parties' testimony; incompatibility in positions in relation to an opposing party; and the existence of substantially different possibilities of settlement of the claims." Id. at *2 (citing Comment to Fla. Bar R. of Prof'l Conduct 4-1.7).

The undersigned concludes that Plaintiffs have not met their extraordinarily high burden.  More specifically, the undersigned concludes that the interests of Defendants are not directly adverse to one another. To the contrary, Defendants' interests are closely aligned, particularly given the allegations of civil conspiracy and the coextensive liability

that follows. The undersigned further concludes that there is no substantial (let alone "imminent") risk that Defendants' lawyers will be materially limited by their responsibilities to another client. The concerns raised by Plaintiffs are speculative at best. Professional rules do not mandate disqualification merely because Plaintiffs have indicated their unilateral desire to "divide and conquer" Defendants with individualized settlement offers. If the bar for disqualification were as low as Plaintiffs suggest, virtually every case involving a joint representation would present an inherent and unwaivable conflict. That argument is untenable, and indeed, district courts in Florida have rejected disqualification motions in similar circumstances. See, e.g., Morales v. Mercantil Commercebank Fla. Bancorp Inc., 2015 WL 12817173 (S.D. Fla. Feb. 19, 2015); Hill Nissan, Inc. v. Jenkins Nissan, Inc., 2012 WL 13106336 (M.D. Fla. Feb. 9, 2012); Santillana v. Fla. State Court Sys., 2010 WL 4567827 (M.D. Fla. Nov. 3, 2010); Ganobsek, v. Performing Arts Cen. Auth., 2000 WL 390106 (S.D. Fla. Mar. 24, 2000).

Although the undersigned concludes that there exists no conflict, rendering the issue of informed consent moot, the undersigned nonetheless notes that Defendants here did provide informed consent for the joint representation. Defendants affirmatively indicated through counsel that they wish to present a unified defense. Counsel represented that they have adequately educated Defendants on the risks of joint representation, explained the concerns present in the motion to disqualify, and permitted Defendants the opportunity to consult with independent counsel. Being aware of the risks, Defendants then confirmed their desire to proceed with joint representation. The undersigned, therefore, is satisfied that informed consent has been obtained by counsel.

See, e.g., Assa Compania De Seguros v. Codotrans, Inc., 2014 WL 1515261, at *7 (S.D. Fla. Apr. 18, 2014).[1]

Accordingly, it is hereby ORDERED and ADJUDGED that the Motion (DE 31) is DENIED.

DONE AND ORDERED in Chambers, Fort Lauderdale, Florida, this 17th day of April 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Honorable Darrin P. Gayles
United States District Judge

All counsel of record

---

[1] Defense counsel's unrebutted representations regarding the potential conflict before the Court will be accepted as true for purposes of this motion. See Holloway v. Arkansas, 435 U.S. 475, 485–86, (1978) (evaluating a conflict-of-interest issue raised by counsel and explaining that "attorneys are officers of the court and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (internal quotations and citations omitted)).