**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:18-CV-61907-RUIZ/SELTZER**

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

          Plaintiffs,

   v.

CHARLES SELLS, STEPHANIE
PUTICH, YOUNG CHUNG, THE PIP-
GROUP, LLC, AND JOHN DOES 1-10,

          Defendants.

_____/

**STIPULATED PROTECTIVE ORDER**
**GOVERNING DISSEMINATION OF CONFIDENTIAL INFORMATION**

Before the Court is the stipulation of Plaintiffs Platinum Properties Investor Network, Inc.,

The Hartman Media Company, LLC, and Jason Hartman (collectively, "Plaintiffs"), and

Defendants Charles Sells, Stephanie Putich, Young Chung, and The PIP-Group, LLC (collectively,

"Defendants") (both Plaintiffs and Defendants are collectively referred to as "Parties," and each

individually as a "Party") for the entry of a confidentiality and protective order ("Protective

Order").  After careful consideration, the Court hereby ORDERS as follows:

1.    <u>DEFINITIONS</u>

     a.    <u>Attorney Recipient</u>: A Person entitled to receive Confidential Information

designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY," which is limited to the

following Persons:

       i.       The Court and its personnel (specifically pursuant to the requirements of Paragraph 6(a) & (b));

       ii.      Counsel of Record in this Litigation;

       iii.     Experts (and their necessary support personnel) retained by or at the direction of Counsel of record for the purpose of advising and assisting such Counsel in the preparation or trial of the Litigatiojn, provided that the procedures of Section 6 are strictly followed; and

       iv.     Court reporters taking testimony involving such information, and supporting stenographic, videographic, and clerical personnel.

b.     <u>Confidentiality Agreement</u>: The form attached hereto as **Exhibit A,** which any Receiving Party, Qualified Person or any other person or entity who is to receive Confidential Information must agree to and sign before receiving any Confidential Information.

c.     <u>Confidential Information</u>: Any type or classification of information in any of the Subject Discovery Material which is designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by any Party or third party.

d.     <u>Counsel of Record</u>: Attorneys who are not employees of a Party but are retained to represent or advise a Party and whose firm has appeared in this Litigation on behalf of that Party and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this Litigation, including jury or trial consulting services retained by counsel for a Party.

e.     <u>Designating Party</u>: A Party or non-party who designates Subject Discovery Material as Confidential Information.

f.     <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Litigation who:

       i.       Has been retained by a Party or its counsel to serve as an expert witness, interpreter, translator, or consultant in this Litigation;

       ii.      Is not a past or current employee of a Party or of a Party's competitor; and

        iii.      At the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

    g.      <u>Litigation</u>: The above-captioned matter, *Platinum Properties Investor Network, Inc., et al. v. Charles Sells, et al.,* Case No. 0:18-CV-61907-RUIZ/SELTZER, pending in the United States District Court for the Southern District of Florida.

    h.      <u>Person</u>: An individual or entity who produces or receives Subject Discovery marked "CONFIDENTIAL" in this Litigation.

    i.      <u>Producing Party</u>: A Party or non-party (whether singular or plural) who produces Subject Discovery Material that contains Confidential Information.

    j.      <u>Receiving Party</u>: A Party or non-party (whether singular or plural) who receives Subject Discovery Material that contains Confidential Information.

    k.      <u>Subject Discovery Material</u>: All documents and information produced or to be produced by any Party or third party in connection with this Litigation, including documents and things produced or to be produced, answers to interrogatories, responses to requests for admission, entry upon land for inspection or other purposes, oral, audio, visual or alternate methods, and deposition and other testimony disclosed through discovery in this Litigation.

    l.      <u>Qualified Person</u>: A Person entitled to receive Confidential Information designated as "CONFIDENTIAL," which is limited to the following Persons:

        i.      The Court and its personnel (specifically pursuant to the requirements of Paragraph 6(a) & (b));

        ii.      Counsel of Record in this Litigation;

        iii.      The Parties in the Litigation;

        iv.      Experts (and their necessary support personnel) retained by, or at the direction of, Counsel of record for the purpose of advising and assisting such counsel in the preparation or trial of the Litigation, provided that the procedures of Section 6 are strictly followed;

v.      Court reporters taking testimony involving such information, and supporting stenographic, videographic, and clerical personnel;

vi.     A testifying witness or deponent, but only if such Person is a current or former employee of the Designating Party, or a retained Expert who has signed the Confidentiality Agreement; and

vii.    The corporate officers and employees of the Parties with responsibility for managing or working on the Litigation (including persons regularly employed by a Party in an information technology position who may be providing technical assistance), or with responsibility for making decisions about possible settlement of the Litigation.

2.      SCOPE

a.     This Order governs all Subject Discovery Material.

b.     The Subject Discovery Material may be used for no purpose other than this Litigation, and may be viewed only by Persons located within the United States.

c.     This Order is intended to facilitate the flow of discovery materials and to expedite the resolution of discovery disputes between the Parties.

d.     This Order shall not raise any inference nor constitute any evidence of the existence of any trade secrets or Confidential Information. Moreover, the consent of any Party or third party to the Order shall not constitute any admission as to the existence of any trade secrets or Confidential Information in connection with any Subject Discovery Material produced or disclosed in this Litigation.

e.     Nothing in this Order shall preclude or impede Counsel of Record's ability to communicate with or advise their clients or decision makers for such clients based on their review and evaluation of Confidential Information produced by the opposing Party. Counsel of Record may discuss with the employees and officers of such clients who have responsibility for managing the Litigation, or those Persons who have responsibility for making decisions about possible settlement of the Litigation, the general nature of the Confidential Information without disclosing

the specifics of any such information, to the extent such disclosure is necessary for effectively advising such clients and their decision makers.

3.   <u>DURATION</u>

      a.   After the final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

      b.   Final disposition shall be deemed to be the later of:

          i.   Dismissal of all claims and defenses in this Litigation, with or without prejudice; and

          ii.   Final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.   <u>DESIGNATION OF SUBJECT DISCOVERY MATERIAL</u>

      a.   Whenever the Designating Party determines that the disclosure of the Subject Discovery Material will reveal matters that such Party believes in good faith are not generally known or readily available to the public, or that such Party deems to constitute proprietary information, confidential business or commercial information, documents of a personal or private nature, and/or trade secrets relating to its business, such Party has the right to designate such information as "CONFIDENTIAL."

          i.   In the case of written information, this designation must be made by marking the page or pages where such Confidential Information is contained as "CONFIDENTIAL" or its equivalent, either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such written information is provided to the Receiving Party.

          ii.   In the case of oral, audio, visual or electronic information, this designation must be made by marking the recording medium "CONFIDENTIAL" either

prior to its disclosure to the Receiving Party, or at the time a copy(ies) of such information is provided to the Receiving Party.

iii.    Where Confidential Information is produced on electronic media, such as a CD, diskette, tape, USB storage device or hard drive, the marking of the electronic media as "CONFIDENTIAL" shall be deemed sufficient to identify the contents as "CONFIDENTIAL."

b.    When the Designating Party has good reason to believe that disclosure of the Subject Discovery Material should be limited to counsel for the Receiving Party because of its sensitive nature, specifically including but not limited to commercial agreements, marketing, financial, sales, web traffic, research and development, or technical data or information, as well as information or data related to future products or services not yet commercially released and/or strategic plans, or for any other good reason, the Designating Party has the right to designate such Confidential Information as "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

i.    In the case of written information, this designation must be made by marking the page or pages wherein such Confidential Information is contained, "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or its equivalent, either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such written information is provided to the Receiving Party.

ii.    In the case of oral, audio and/or visual recording information (including microfilm and computer source and/or object code), this designation must be made by marking the recording medium "CONFIDENTIAL: ATTORNEYS' EYES ONLY" either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such information is provided to the Receiving Party.

iii.    Where Confidential Information is produced on electronic media, such as a CD, diskette, tape, USB storage device or hard drive, the marking of the electronic media as "CONFIDENTIAL: ATTORNEYS' EYES ONLY"

shall be deemed sufficient to identify the contents as "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

c.     In the case of a deposition or other testimony, testimony containing Confidential Information shall be designated "CONFIDENTIAL," "CONFIDENTIAL: ATTORNEYS' EYES ONLY," or other equivalents, either at the time of the testimony or within 14 days of the receipt of the written transcript.

      i.     Until such designations are made, neither the transcript nor the contents or substance of the deposition or other testimony may be disclosed by the non-Designating Party to persons other than Attorney Recipients.

     ii.     At any time during the taking of a deposition, counsel for the Designating Party may state that a particular line of questioning should be treated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," as in the case of written disclosures of information covered by subsections (a) and (b) above. Counsel for the parties shall then determine whether the line of questioning should not be carried out at that particular time, or whether it should be carried out with any of the following conditions:

       1.     The reporter may be instructed to transcribe the questions and answers separately from the transcript for the remainder of the deposition, which pages shall be marked as described in either subsection (a) or (b) above.

       2.     During any time that there is a line of questioning involving Confidential Information which is "CONFIDENTIAL: ATTORNEYS' EYES ONLY", any and all representatives of the Receiving Party other than counsel and outside experts may be excluded from the deposition.

3.     Counsel for the Parties may agree to allow a specific period of time subsequent to counsel's receipt of a deposition transcript within which to designate in writing any Confidential Information disclosed during the deposition.

4.     Any other conditions mutually agreeable to the Parties to protect the confidential nature of the information.

d.     The inadvertent failure to designate Subject Discovery Material as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied.

i.     If the Designating Party discovers that information should have been but was not designated as Confidential Information, the Designating Party must immediately notify all other Parties.

ii.    In such event, within five (5) days of producing the underlying documents or information, the Designating Party must provide copies of the Confidential Information designated in accordance with this Order.

iii.   After receipt of such re-designated information, this Confidential Information shall be treated as required by this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

5.     <u>CHALLENGES TO CONFIDENTIALITY DESIGNATIONS</u>

a.     No Party is obligated to challenge the propriety of any Subject Discovery Material designated as Confidential Information, and a failure to do so in this Litigation does not preclude a subsequent attack on the propriety of the designation.

b.     If the Receiving Party disagrees with a designation of any Subject Discovery Material as being "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," the

Receiving Party may give notice in writing to the Designating Party specifying the Confidential Information involved and the allegedly proper classification.

        c.      The Parties Shall not designate as Confidential Information any Subject Discovery Material that they have reason to believe, or should have reason to believe, was generally known or readily available to the public prior to its designation. Moreover, in the event that a Designating Party becomes aware that Subject Discovery Material designated as Confidential Information is or has become generally known to the public through no fault of the Receiving Party, or that it was known to the Receiving Party prior to its designation, or that it was disclosed to the Receiving Party without restrictions, or that it was developed by the Receiving Party without reference to the disclosures by the Designating Party, then the Designating Party will immediately rescind its designation and give notice of such rescission to the other Parties.

6.      <u>CHALLENGES TO EXPERTS</u>

        a.      Confidential Information designated by the Producing Party as either "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," and such copies of this Confidential information as are reasonably necessary for maintaining, defending or evaluating this Litigation may be furnished and disclosed to the Receiving Party's Experts as both Qualified Person(s) and Attorney Recipient(s).

        b.      No disclosure of Confidential Information to an Expert shall occur until that Person has signed the Confidentiality Agreement and a signed copy has been provided to the Designating Party; and to the extent there has been an objection, that objection is resolved according to the procedures set forth below.

7.      <u>ACCESS TO AND USE OF CONFIDENTIAL INFORMATION</u>

        a.      Any Subject Discovery Material that has been designated by any Party as comprising or containing Confidential Information pursuant to Paragraph 4(a) or (b) above shall be filed with the Court only under seal unless there is an agreement of the Parties or an Order of the Court.

b.      If any non-Designating Party's counsel intends to use at trial, or for the purpose of any public filing or hearing with the Court, any documents, interrogatory answers, deposition testimony, or other discovery responses which have been designated as Confidential Information, it shall so advise Designating Party's counsel three (3) days prior to such intended use, and counsel for all Parties shall confer in an effort to agree upon a procedure to maintain the confidentiality of such Confidential Information. If no agreement is reached, counsel for the party seeking to use the Confidential Information shall file an appropriate motion with the Court seeking a determination as to the permissible use of the Confidential Information.

c.      All Subject Discovery Material that has been designated by any other Party or third party as containing or comprising Confidential Information pursuant to Paragraph 4(a) above (*i.e.*, "CONFIDENTIAL") must be retained by Counsel of Record for the Receiving Party and must not be furnished, shown or disclosed by such counsel to any other person, except that, and solely for the purposes of this Litigation, any such Confidential Information may be disclosed by counsel to "Qualified Persons."

      i.      In the event that counsel for the Receiving Party finds it necessary to make a disclosure of Confidential Information pursuant to Paragraph 4(a) above (*i.e.* "CONFIDENTIAL") to a person other than a Qualified Person, counsel for such Party must, no fewer than ten (10) days in advance of such disclosure, notify the Producing Party's counsel in writing of:

          1.      The Confidential Information to be disclosed; and

          2.      The Person(s) to whom such disclosure is to be made.

     iv.      The Designating Party has five (5) days after receipt of the written notice within which to object in writing to the disclosure, and in the event objection is made, no disclosure will be made without Court Order.

     v.      If no objection is made by the Designating Party or its counsel, or if an Order of the Court permits the disclosure, counsel for the Receiving Party must, prior to the disclosure, inform the individual to whom the

Confidential Information is to be disclosed as to the terms of this Order and have that individual acknowledge such terms in writing by signing the Confidentiality Agreement, which shall be served on the Receiving Party within ten (10) days of the signing, acknowledging that he or she fully understands the terms of this Order and agrees to comply with the Order and be bound by it. The Receiving Party making the disclosure will then circulate a copy of the Confidentiality Agreement signed by the person to whom disclosure is to be made to the Designating Party and Producing Party, if different.

d.      All Subject Discovery Material that has been designated by any party as comprising or containing Confidential Information pursuant to Paragraph 4(b) above (*i.e.* "CONFIDENTIAL: ATTORNEYS' EYES ONLY") must be retained by Counsel of Record for the Receiving Party and must not be furnished, shown or disclosed by such counsel to any other person, except that, and solely for the purposes of this action, any such Confidential Information may be disclosed by counsel to Attorney Recipients.

i.      In the event that counsel for the Receiving Party finds it necessary to make a disclosure of Confidential Information pursuant to Paragraph 4(b) above (*i.e.* "CONFIDENTIAL: ATTORNEYS' EYES ONLY") to a person other than an Attorney Recipient, counsel for such party must, no fewer than fourteen (14) days in advance of such disclosure, notify the producing party's counsel in writing of:

1.      The Confidential Information to be disclosed; and

2.      The person(s) to whom such disclosure is to be made.

ii.      The Designating Party has ten (10) days after receipt of the written notice within which to object in writing to the disclosure, and in the event objection is made, no disclosure will be made without Court order.

iii.     If no objection is made by the Designating Party or its counsel, or if an order of the Court permits the disclosure, counsel for the Receiving Party must, prior to the disclosure, inform the individual to whom the Confidential Information is to be disclosed as to the terms of this Order and have that individual acknowledge such terms in writing by signing the Confidentiality Agreement, the executed document to be served on the Receiving Party within ten (10) days of the signing, acknowledging that he or she fully understands the terms of this Order and agrees to comply with the Order and be bound by it. The Receiving Party making the disclosure will then circulate a copy of the Confidentiality Agreement signed by the person to whom disclosure is to be made to the Designating Party and Producing Party, if different.

8.     <u>DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

a.     No Person will make a public disclosure of any Subject Discovery Material obtained in discovery in this Litigation and designated as Confidential Information by any Party pursuant to Paragraph 4 above without an Order of the Court or as stipulated by the parties.

b.     If any Person subject to this Order is served with a subpoena, demand or other legal process in another action seeking Confidential Information, that Person shall give prompt written notice of such event to counsel for the Designating Party and shall object to its production. Upon receipt of written notice, counsel for the Designating Party shall advise, in writing, the Person who is to respond to the subpoena or demand of its position. Thereafter, the Designating Party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The Person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Confidential Information.

c.     Should the Person seeking access to the Confidential Information take action to enforce such subpoena, demand or other legal process, the Person so served shall set forth in his or her response the existence and terms of this Order. Nothing herein shall be construed as

requiring the receiver to challenge or appeal any order requiring the production of Confidential Information or to subject itself to any penalties for noncompliance with any legal process or order or to seek any relief from the Court.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

a.      Inadvertent disclosure and/or production of Subject Discovery Material claimed to be subject to the attorney-client privilege or the work product doctrine shall not waive the applicability of such privilege or doctrine relative to the inadvertently disclosed and/or produced Subject Discovery Material. If any such Subject Discovery Material is inadvertently disclosed to the Receiving Party by the Producing Party, the Producing Party may request that the Receiving Party transfer such Subject Discovery Material back to the Producing Party, or destroy it and the Receiving Party must comply by immediately returning such Subject Discovery Material or destroy it, as requested.

10.     MISCELLANEOUS

a.      Any part or parts of the restrictions imposed by this Order may be terminated or modified at any time by a written stipulation by the Parties hereto, or by an Order of the Court for good cause shown.

b.      Designating any Subject Discovery Material as Confidential Information does not necessarily denote that such Confidential Information is a trade secret of the Producing Party.

c.      In the event that any Party hereto claims that any provision of the Order has been violated, such Party may move the Court, upon proper notice, for appropriate sanctions and/or other relief.

d.      Nothing in this Order shall be construed as limiting or negating the right of any Party hereto to bring a motion to compel discovery in this Litigation, or as limiting or negating the right of any Party to object to any requested discovery such Party otherwise believes in good faith to be improper.

e.      This Order shall not preclude any Party from using or disclosing any of its own documents or materials for any lawful purpose.

f.      This Order may be amended only by written agreement of the Parties or order of the Court.

11.     FINAL DISPOSITION

a.      Upon final termination of this Litigation, including appellate review, all Receiving Parties shall, within forty-five (45) days, assemble and return to the Producing Party all Subject Discovery Material and copies thereof which may have been made, but not including any notes or other attorneys' work product that may have been placed thereon by counsel for the Receiving Party. Alternatively, at the Producing Party's request, all Subject Discovery Material and copies thereof shall be destroyed by the Receiving Party within forty-five (45) days of the final termination of this action, including appellate review.

b.      As to any Confidential Information and copies thereof claimed to contain attorneys' work product of the Receiving Party, such Confidential Information shall be destroyed by the Receiving Party within forty-five (45) days of the final termination of the Litigation, including appellate review. Written confirmation of compliance with this Paragraph shall be made by all parties and their Counsel of Record to both the Producing Party and Designating Party, if different, within sixty (60) days of the final termination of this Litigation, including appellate review.

It is SO ORDERED this 7th day of May,  2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:18-CV-61907-RUIZ/SELTZER**

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

        Plaintiffs,

   v.

CHARLES SELLS, STEPHANIE
PUTICH, YOUNG CHUNG, THE PIP-
GROUP, LLC, AND JOHN DOES 1-10,

        Defendants.

_____/

**WRITTEN ASSURANCE TO COMPLY WITH PROTECTIVE ORDER**

_____ declares that:

1.     I reside in the City of _____, County of _____, State of _____. My telephone number is _____.

2.     I am currently employed by _____, located at _____, and my current job title is _____.

3.     I have read and I understand the terms of the Protective Order dated _____, filed in CASE NO. 0:18-CV-61907-RUIZ/SELTZER, pending in the United States District Court for the Southern District of Florida. I agree to comply with

-1-

and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

4.      I shall not divulge any documents, or copies of documents, or information designated "Confidential" or "Confidential: Attorneys Eyes Only," obtained pursuant to such Protective Order, or the contents of such documents or information, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this Litigation and pursuant to the terms of the Protective Order.

5.      As soon as practical, but no later than 60 days after final termination of this Litigation, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Confidential: Attorneys Eyes Only,"  and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

6.      I submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


_____
Signature

_____
Print Name

_____
Date