UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-61907-SMITH/SELTZER

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE AHRTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

    Plaintiffs,

v.

CHARLES SELLS, STEPHANIE
PUTICH, YOUNG CHUNG, THE PIP-
GROUP, LLC, and JOHN DOES 1-10,

    Defendants.

_____/

# ORDER

**THIS CAUSE** is before the Court on Defendants' Amended Motion to Dismiss the Amended Complaint ("Motion") (ECF No. 32), which was previously referred to the Honorable Barry S. Seltzer, United States Magistrate Judge, for a Report and Recommendation (ECF No. 41). On April 11, 2019, Judge Seltzer issued his Report and Recommendation ("Report"), recommending that the Motion be granted in part and denied in part (ECF No. 49). Specifically, the Report recommends that the Motion be granted as to Counts I and III for Defendants Jason Hartman and Platinum Properties Investment Network for lack of standing, and denied for Defendant Hartman Media Company, LLC; denied as to Count IV for all Plaintiffs; granted as to Counts V and VI for all Plaintiffs and dismissal with prejudice; granted as to Counts VII, XI, and XII for all Plaintiffs and dismissal with prejudice; denied as to Counts VIII, IX, and X; and granted as to Count XIII and dismissal without prejudice.

1

Plaintiffs timely filed their Objections to the Report on April 25, 2019, objecting solely to Judge Seltzer's recommendation on Counts VII (Florida statutory false advertising), XI (common law fraud), and XII (negligent misrepresentation) (ECF No. 52). Plaintiffs take exception with the Report's finding that these three counts must be dismissed for failure to plead justifiable first-party reliance as the predicate for each of these counts. Plaintiffs contend that (1) Count VII for false advertising does not require a competitor to plead justifiable reliance under Florida law; (2) Count XI for fraud does not require Plaintiffs to plead justifiable reliance, let alone first-party reliance, and should not be dismissed at all; and (3) Counts XI and XII, at a minimum, should only be dismissed without prejudice and with leave to re-plead.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note.

The Court has conducted a *de novo* review of the Report, the record, and the applicable law.

### *Count VII*

The Report recommended dismissal of Count VII for false/misleading advertising under Florida law based on the Amended Complaint's failure to plead first-party reliance. Specifically, the Report found that the allegations in the Amended Complaint at most demonstrate that a third-party visitor to the infringing websites may have justifiably relied on the allegedly infringing use

2

of the marks, but not the Plaintiffs themselves. Plaintiffs object to this portion of the Report, arguing that Florida statutory false/misleading advertising claims do not require the element of first-party reliance to be met if the plaintiff is a competitor of the defendant. Plaintiffs cite to a long list of cases for this proposition. Objections at 3-5.

"A party may state a claim for statutory misleading advertising under Florida law by pleading that the party relied on some identifiable alleged misleading advertising plus, where appropriate, all of the other elements of the common law tort of fraud in the inducement, as follows: (a) the representor made a misrepresentation of material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation." *Millenium Labs., Inc. v. Universal Oral Fluid Labs., LLC*, No. 8:11-CV-1757-MSS-TBM, 2012 WL 12906334, at *4 (M.D. Fla. Aug. 2, 2012). When the party alleging misleading advertising is a competitor of the defendant in selling the goods or services to which the misleading advertisement relates, an allegation of competition is permitted to "stand-in" for the element of direct reliance that a consumer is obligated to plead. *Id.* (citing *Workplace Corp., v. Office Depot, Inc.*, 1990 WL 106727, at *1 (M.D. Fla. 1990) (while reliance is a necessary element when the plaintiff is a consumer, it is not necessarily an element when the plaintiff is a competitor)); *see also Bluestar Entm't Int'l, Inc. v. Cooper*, No. 07-23245-CIV, 2008 WL 11333068, at *3 (S.D. Fla. July 18, 2008) ("when the party alleging false advertising is a competitor of the defendant in selling the goods or services to which the misleading advertisement relates, an allegation of competition is permitted to 'stand-in' for the element of direct reliance that a consumer is obligated to plead.") (internal quotation marks omitted).

Plaintiffs have alleged that Defendants made knowingly false advertisements about Plaintiffs using counterfeit websites and phony email addresses in an attempt to "control the market and destroy competition." Am. Compl. at ¶ 230. Plaintiffs further alleged that their clients and colleagues relied on these false and misleading representations in Defendant's advertisements, which damaged Plaintiffs. *Id.* at ¶ 228. Though Plaintiffs have only pled third-party reliance by its customers and consumers and not first-party reliance, Plaintiffs have alleged that they are competitors with Defendants in the real estate investment industry. *Id.* at ¶¶ 2, 59. As these two parties are direct competitors in the same industry, Plaintiffs' allegations of competition can stand in for the element of direct reliance. The Court therefore finds that Plaintiffs' allegations are sufficient to support a claim for statutory misleading advertising under Florida law.

### *Counts XI and XII*

The Report similarly recommends dismissal of Counts XI and XII for common law fraud (fraudulent misrepresentation) and negligent representation, respectively, based on the Amended Complaint's failure to plead first-party reliance. As it pertains to the fraud count, Plaintiffs contend that under Florida law, justifiable reliance is not a necessary element of fraudulent misrepresentation, citing to the Florida Supreme Court case of *Butler v. Yusem*, 44 So. 3d 102 (Fla. 2010). Alternatively, Plaintiffs argue that both Counts XI and XII should not be dismissed with prejudice so that Plaintiffs can be afforded the opportunity to supplement and clarify the Complaint to adequately allege those claims.

In *Butler*, the Florida Supreme Court reviewed whether the appellate court had correctly held that the plaintiff's failure to establish justifiable reliance was a bar to recovery based on fraudulent misrepresentation. The reviewing court determined that justifiable reliance was not a requisite element to a claim for fraudulent misrepresentation, citing the four elements of the claims

4

as "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." 44 So. 3d at 105 (emphasis omitted) (citing *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)). Plaintiffs interpret these elements as permitting third-party reliance as a predicate for their fraud claim, arguing that they only need to plead that (1) there was a representation that "induce[d] <u>another</u> to act," and (2) there was a consequent injury "<u>by the party acting in reliance</u> on the representation." *Id.* (emphasis added). Plaintiffs therefore cite *Butler* for the proposition that they need not plead first-party reliance to maintain their fraud claim.

Plaintiffs' interpretation of this standard, however, is not supported by the case law examining misrepresentation claims in Florida. Take *Butler*, which itself involved first-party reliance, not third-party, as there the plaintiff alleged that he had been the target of fraudulent misrepresentation, not any third-party. As the Report correctly noted, there are some well-established circumstances in which a plaintiff can properly plead a claim for fraudulent or negligent misrepresentation through indirect reliance. However, those circumstances contemplate that the party claiming injury based on the misrepresentation is the same party who relies on said misrepresentation—none of which are met here. *See* Report at 22-23 (collecting cases). Plaintiffs have not cited to any authority under Florida law that would support their contention that a third-party's reliance on a misrepresentation is sufficient to plead a claim in either fraudulent or negligent misrepresentation where there has been no actual reliance on that misrepresentation by the plaintiff. Thus, Counts XI and XII must be dismissed for failure to state a claim. To afford Plaintiffs an opportunity to supplement their allegations, the Court will dismiss these claims without prejudice.

All other recommendations in the Report were not objected to by either party. Upon review of these recommendations, the Court finds them to be well-reasoned and correct, and finds no reason to vacate or otherwise modify them.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) The Report (ECF No. 49) is **ADOPTED IN PART**.

(2) Defendants' Amended Motion to Dismiss the Amended Complaint (ECF No. 32) is **GRANTED IN PART** and **DENIED IN PART**.

    (a) Counts I–III: As to Jason Hartman and Platinum Properties Investment Network, the Motion is **GRANTED**, for lack of standing. As to The Hartman Media Company, LLC, the Motion is **DENIED**.

    (b) Counts IV, VII, VIII, IX, X: As to all Plaintiffs, the Motion is **DENIED**.

    (c) Counts V, VI: As to all Plaintiffs, the Motion is **GRANTED**. These Counts are **DISMISSED WITH PREJUDICE**.

    (d) Counts XI, XII, XIII: As to all Plaintiffs, the Motion is **GRANTED**. These Counts are **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 21st day of August, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All counsel of record