UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61907-CIV-STRAUSS

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

        Plaintiffs,

v.

CHARLES SELLS; STEPHANIE
PUTICH; YOUNG CHUNG; THE PIP-
GROUP, LLC; BLINDSPOT DIGITAL,
LLC; ELENA CEBOTARI SELLS; and
JOHN DOES 1-8,

        Defendants.
_____/

FILED BY_____D.C.
SEP - 1 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**JURY VERDICT FORM**

1

We, the jury, find the following:

I. <u>Service Mark Counterfeiting (Counts I-II)</u>

<u>The Court has ruled as a matter of law that Defendants SELLS, PUTICH, and PIP committed service mark counterfeiting against Plaintiff HARTMAN MEDIA. The Court has further ruled as a matter of law that Defendants CHUNG and BLINDSPOT are liable for contributory counterfeiting against Plaintiff HARTMAN MEDIA.</u>

QUESTION NO. 1.   Defendants SELLS, PUTICH, PIP, CHUNG and BLINDSPOT have already been found liable for counterfeiting or contributory counterfeiting of two trademarks. Therefore, Plaintiff HARTMAN MEDIA is entitled to statutory damages in an amount you determine between $1,000 and $200,000 per mark if you believe Defendants' conduct was not willful or between $1,000 and $2,000,000 per mark if you believe Defendants' conduct was willful. Which, if any, of Defendants' counterfeiting was willful?

__Y__ SELLS

__Y__ PUTICH

__Y__ PIP

__Y__ CHUNG

__Y__ BLINDSPOT

QUESTION NO. 2.   What amount in statutory damages do you find would adequately compensate HARTMAN MEDIA and deter wrongful conduct in the future?

$ __2,000,000__ per mark

QUESTION NO. 3.   Has Plaintiff HARTMAN MEDIA proven by a preponderance of the evidence that LENA is contributorily liable for Service Mark Counterfeiting?

__Y__ YES  ___ NO

QUESTION NO. 4.   If your answer to Question 3 was yes, was LENA's counterfeiting willful?

__Y__ YES  ___ NO

2

## II. Federal Cybersquatting (Count V)

The Court has ruled as a matter of law that Defendant SELLS is liable for violations of the federal Anticybersquatting Consumer Protection Act (ACPA) against Plaintiff HARTMAN MEDIA.

QUESTION NO. 5.   Defendant SELLS has already been found liable for violations of the ACPA, and therefore, Plaintiff HARTMAN MEDIA is entitled to statutory damages in an amount you determine between $1,000 and $100,000 per domain name. What amount in statutory damages for each domain name do you find would adequately compensate HARTMAN MEDIA and deter SELLS' wrongful conduct in the future?

$ _100,000_____ per domain name.

III. <u>Federal Unfair Competition, False Representation and False Designation of Origin (Counts VI) and Unfair Competition under Florida Common Law (Counts XIV)</u>

<u>The Court has ruled as a matter of law that Defendants SELLS, PUTICH, and PIP are liable for engaging in Unfair Competition against Plaintiffs HARTMAN MEDIA, PLATINUM PROPERTIES, and HARTMAN.</u>

QUESTION NO. 6.   Defendants SELLS, PUTICH and PIP have already been found liable for unfair competition. What amount of damages do you find the liable Defendants proximately caused to the Plaintiff(s)?

$ __3,000,000__ - Actual Damages

$ __1,500,000__ - Disgorgement of Profits as to Sells/PIP

IV.     **Federal False Advertising (Count VII)**

QUESTION NO. 7.    Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for Federal False Advertising? Answer "Y" for Yes or "N" for No as to each Defendant. If the answer is no as to all of the Defendants, skip to Question 9.

__Y__ SELLS

__Y__ PUTICH

__Y__ PIP

__Y__ CHUNG

__Y__ BLINDSPOT

__Y__ LENA

QUESTION NO. 8.    If you find any Defendants are liable for Federal False Advertising, what amount of money do you find should be awarded to the Plaintiff(s) as a result?

$ __1,500,000__ .

V. **Racketeer Influenced and Corrupt Organization Act (Federal RICO) (Count VIII) and Federal RICO Conspiracy (Count IX)**

QUESTION NO. 9. Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for a violation of section 1962(c)? If the answer is no as to all of the Defendants, skip to Question 13.

__Y__ SELLS

__Y__ PUTICH

__Y__ CHUNG

__Y__ LENA

[If you found one or more Defendants liable on Question 9, answer the following:]

QUESTION NO. 10. Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for conspiring to violate section 1962(c) in violation of section 1962(d)?

__Y__ PUTICH

__Y__ CHUNG

__Y__ LENA

QUESTION NO. 11. Was any Plaintiff injured in its/his business or property by reason of the Federal RICO violation(s)?

__Y__ YES ___ NO

QUESTION NO. 12. What amount of money would compensate the Plaintiff(s) for the injuries each sustained to its/his business or property due to the Federal RICO violation(s)?

$ __3,000,000__ .

VI. <u>Florida Civil Remedies for Criminal Practices (Count X) and Florida Civil Remedies for Criminal Practices Conspiracy (Count XI)</u>

If you found one or more Defendants liable under Federal RICO or Federal RICO Conspiracy you must at least find those Defendants additionally liable under Florida RICO and Florida RICO Conspiracy.

QUESTION NO. 13. Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for violating Florida RICO?

__Y__ SELLS

__Y__ PUTICH

__Y__ CHUNG

__Y__ LENA

[If you found one or more Defendants liable on Question 13, answer the following:]

QUESTION NO. 14. Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for conspiring to violate Florida RICO?

__Y__ PUTICH

__Y__ CHUNG

__Y__ LENA

QUESTION NO. 15. Was any Plaintiff injured by reason of Defendants' Florida RICO violation(s)?

__Y__ YES  ___ NO

QUESTION NO. 16. What amount of money would compensate the Plaintiff(s) for any injuries they sustained due to the Florida RICO violation(s)?

$ __3,000,000__ .

7

VII.  **Florida Statutory False Advertising (Count XII)**

QUESTION NO. 17. Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for Florida Statutory False Advertising? If the answer is no as to all of the Defendants, skip to Question 19.

    __Y__ SELLS

    __Y__ PUTICH

    __Y__ PIP

    __Y__ CHUNG

    __Y__ BLINDSPOT

    __Y__ LENA

QUESTION NO. 18. What amount of money do you find should be awarded to the Plaintiff(s)?

$ __4,500,000__

8

VIII.   <u>Florida Civil Conspiracy (Count XIII)</u>

<u>QUESTION NO. 19.</u> Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for Florida Civil Conspiracy? If the answer is no as to all of the Defendants, skip to Question 21.

    __Y__ SELLS

    __Y__ PUTICH

    __Y__ PIP

    __Y__ CHUNG

    __Y__ BLINDSPOT

    __Y__ LENA

<u>QUESTION NO. 20.</u> What amount of money do you find should be awarded to the Plaintiffs?

$ __3,000,000__

### IX. Common Law Invasion of Privacy (Count XXII) and Florida Statutory Invasion of Privacy – Commercial Misappropriation of Likeness (Count XXIII)

QUESTION NO. 21. Which, if any, Defendants have Plaintiffs proven by a preponderance of the evidence are liable for the unauthorized publication or use of HARTMAN's name or likeness? If the answer is no as to all of the Defendants, skip to the end and sign the verdict form.

__Y__ SELLS

__Y__ PUTICH

__Y__ PIP

__Y__ CHUNG

__Y__ BLINDSPOT

__Y__ LENA

QUESTION NO. 22. What amount of damages was proximately caused to Hartman as a result of Defendant(s)' acts?

$ __3,000,000__ .

**SO SAY WE ALL.**

SIGNED AND DATED at the United States Courthouse, Fort Lauderdale, Florida, this __01__ day of __September__, 20__22__.

_____
Foreperson's Signature

_____
Foreperson's Printed Name

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61907-CIV-SMITH/VALLE

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

      Plaintiffs,

v.

CHARLES SELLS; STEPHANIE
PUTICH; YOUNG CHUNG; THE PIP-
GROUP, LLC; BLINDSPOT DIGITAL,
LLC; ELENA CEBOTARI SELLS; and
JOHN DOES 1-8,

      Defendants.
_____/

**VERDICT FORM**
**(Punitive Damages)**

**We, the jury, find the following:**

**I.**    **UNFAIR COMPETITION UNDER FLORIDA COMMON LAW (COUNTS XIV)**

The Court has ruled as a matter of law that Defendants SELLS, PUTICH, and PIP are liable for engaging in Unfair Competition against Plaintiffs HARTMAN MEDIA, PLATINUM PROPERTIES, and HARTMAN.

QUESTION NO. 1. What amount of money should be assessed against the liable Defendant(s) for punitive damages on this claim?

CP  $ 2,000,000 against PIP
CP  $ 3,000,000 against SELLS
      $ 500,000 against PUTICH

II.     FLORIDA CIVIL CONSPIRACY (COUNT XIII)

QUESTION NO. 2.    Which, if any, Defendant(s) do you find that Plaintiffs proved by clear and convincing evidence were guilty of Florida Civil Conspiracy?

__Y__ SELLS

__Y__ PUTICH

__Y__ PIP

__Y__ CHUNG

__Y__ BLINDSPOT

__Y__ LENA

QUESTION NO. 3.    What amount of money should be assessed against the liable Defendant(s) for punitive damages on this claim?

$ 1,000,000 _____ against PIP

$ 2,500,000 _____ against SELLS

$ 500,000 _____ against PUTICH

$ 500,000 _____ against BLINDSPOT

$ 500,000 _____ against CHUNG

$ 500,000 _____ against LENA

12

III. COMMON LAW INVASION OF PRIVACY (COUNT XXII) AND FLORIDA STATUTORY INVASION OF PRIVACY – COMMERCIAL MISAPPROPRIATION OF LIKENESS (COUNT XXIII)

QUESTION NO. 4.  Which, if any, Defendant(s) do you find that Plaintiff HARTMAN proved by clear and convincing evidence were guilty of intentional misconduct or gross negligence in engaging in the unauthorized publication or use of Plaintiff Hartman's name or likeness?

__Y__ SELLS

__Y__ PUTICH

__Y__ PIP

__Y__ CHUNG

__Y__ BLINDSPOT

__Y__ LENA

QUESTION NO. 5.  What amount of money should be assessed against the liable Defendant(s) for punitive damages on this claim?

$ __1,000,000__ against PIP

$ __2,500,000__ against SELLS

$ __500,000__ against PUTICH

$ __500,000__ against BLINDSPOT

$ __500,000__ against CHUNG

$ __500,000__ against LENA

13

**SO SAY WE ALL.**

SIGNED AND DATED at the United States Courthouse, Fort Lauderdale, Florida, this <u>01</u> day of <u>September</u>, 20<u>22</u>.

_____
Foreperson's Signature

_____
Foreperson's Printed Name