UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61907-STRAUSS

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

        Plaintiffs,

v.

CHARLES SELLS; STEPHANIE
PUTICH; YOUNG CHUNG; THE PIP-
GROUP, LLC; BLINDSPOT DIGITAL,
LLC; ELENA CEBOTARI SELLS; and
JOHN DOES 1-8,

        Defendants.
_____/

## ORDER

THIS MATTER came before the Court upon Plaintiffs' Motion for Leave to Register the Final Judgment in South Carolina, Illinois, and Georgia ("Motion"). [DE 428]. I have reviewed the Motion, the Response [DE 429] and Reply [DE 430] thereto, and all other pertinent portions of the record. For the reasons discussed herein, the Motion is **GRANTED**.

## BACKGROUND

This case was tried to a jury, which returned a verdict in favor of Plaintiffs on September 1, 2022. [DE 338]. On September 30, 2022, this Court entered a final judgment. [DE 393]. Defendants, in turn, renewed their motion for judgment as a matter of law and motion for a new trial or remittitur. [DE 398]. This Court denied those motions, [DE 421], and Defendants have now appealed that order, [DE 423]. While the appeal is pending, Plaintiffs seek leave to register the final judgment in three other states. [DE 428]. In support of the Motion, Plaintiffs assert that

Defendants reside outside of this Court's jurisdiction and attached a declaration from counsel attesting Defendants do not own any assets in Florida. [DE 428–1]. Counsel further stated that some defendants (Charles Sells and The PIP-Group, LLC) own properties and assets in South Carolina, Illinois, and Georgia. *Id.*

## ANALYSIS

A party may register "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.

The Eleventh Circuit has yet to opine on what constitutes "good cause shown," however, several courts within this district and throughout the country have addressed this issue. *See Five for Ent. S.A. v. Ayala Rodriguez*, No. 11-24142-CLV, 2015 WL 9161752, at *1 (S.D. Fla. Nov. 12, 2015) ("Generally, good cause is shown when there are insufficient assets in the rendering jurisdiction to satisfy the judgment and there are substantial assets elsewhere."); *Creative Am. Educ. v. Learning Experience Sys., LLC*, No. 914CV80900ROSENBERGB, 2015 WL 5118111, at *2 (S.D. Fla. Sept. 1, 2015) ("The prevailing standard for establishing good cause under § 1963 is 'an assets test, essentially the absence of sufficient assets in the rendering jurisdiction to satisfy the judgment and the presence of substantial assets elsewhere.'") (quoting *Branch Banking & Tr. Co. v. Maxwell*, No. 8:10-CV-2464-T-23AEP, 2012 WL 3069197, at *1 (M.D. Fla. July 26, 2012)); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197–98 (9th Cir. 2001) ("[T]he courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.") (quoting *Dyll v. Adams*, No. CIV.A. 3:91-CV-2734D, 1998 WL

60541, at *1 (N.D. Tex. Feb. 6, 1998)); *United States v. D'Elegance Mgmt. Ltd.*, 217 F.3d 843, 843 (4th Cir. 2000) ("Good cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment.").

Here, Plaintiffs are in possession of a final judgment from this District. [DE 393]. Defendants have neither moved for a stay of proceedings pursuant to Federal Rule of Civil Procedure 62(b) nor posted a supersedeas bond or other security staying execution of the final judgment under Local Rule 62.1. Plaintiffs' counsel attached a declaration to the Motion asserting, based on asset searches conducted by third parties (apparently including out-of-state counsel), that Defendants do not possess any assets within Florida. [DE 428-1]. Plaintiffs' counsel's declaration further asserts, based on asset searches by third parties, "it is believed" that Defendants Sells and PIP Group own four properties in South Carolina and that Defendant PIP Group owns several properties in both Illinois and Georgia. *Id*. Defendants argue that Plaintiffs' counsel's declaration is too vague to satisfy the "good cause" standard by failing to identify the "third parties" that ran the asset searches and to specify the properties Defendants are believed to own. [DE 429] at 2.

While Plaintiffs' counsel's declaration is somewhat vague, I find Plaintiffs have demonstrated good cause. Contrary to Defendants' contentions, Plaintiffs' counsel's declaration alone is sufficient to find good cause to permit Plaintiffs to register their judgment in the other specified districts. *See Mwila v. Islamic Republic of Iran*, No. CV 08-1377 (JDB), 2019 WL 13134796, at *2 (D.D.C. May 15, 2019) ("[T]his and other courts have found sufficient declarations containing no more than counsel's assertion, on information and belief, that attachable assets exist in other districts."); *Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc.*, No. 17 CIV. 1 (NRB), 2019 WL 2006179, at *3 (S.D.N.Y. May 6, 2019) ("'In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed

3

to be true' and is sufficient to demonstrate 'good cause.'") (quoting *Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999)); *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (finding judgment creditor established good cause when counsel attached a declaration to its motion attesting he had been unable to locate any judgment debtor assets in the jurisdiction but believed there were substantial assets in other jurisdictions). Notably, while Plaintiffs bear the burden of establishing good cause, Defendants' Response does not even deny that Defendants lack assets in Florida or that Defendants Sells and PIP Group own properties in the states Plaintiffs identify, much less provide countervailing evidence to undermine Plaintiffs' assertions.

Accordingly, it is **ORDERED and ADJUDGED** that the Motion, [DE 428], is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 27th day of November 2023.

/s/ Jared Strauss
Jared M. Strauss
United States Magistrate Judge